**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**RAYMOND ELSWICK,**

       **Petitioner,**

**v.**                                       **Case No.: 2:14-cv-29300**

**MARVIN C. PLUMLEY,
Warden, Huttonsville Correctional Center,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the court are Petitioner Raymond Elswick's ("Elswick") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 4); Motion for Default Judgment, (ECF No. 12); and Motion to Hold 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus in Abeyance, or in the alternative, to Dismiss Without Prejudice, (ECF No. 15). Also pending is Respondent's Motion to Dismiss Petition for Failure to Exhaust and Timeliness, (ECF No. 9). This case is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

The undersigned notes that the record before the court is well-developed and provides a sufficient basis upon which to resolve this matter without need for an evidentiary hearing. *See* Rule 8, Rules Governing Section 2254 Cases. Having

thoroughly reviewed and considered the record, the undersigned **FINDS** that Elswick has failed to exhaust his state court remedies as to some of his claims, and thus, he has prematurely filed his petition for a writ of habeas corpus in this court. Nevertheless, the undersigned **RECOMMENDS** that the District Judge **FIND** that Elswick is entitled to a stay while he exhausts his state court remedies for his unexhausted claims. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Elswick's Motion to Hold 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus in Abeyance, or in the alternative, to Dismiss Without Prejudice, to the extent that it requests a stay; **DENY** Respondent's Motion to Dismiss, without prejudice; **DENY** Elswick's request for habeas relief, without prejudice; **GRANT** Elswick a **STAY** so that he may pursue his state court remedies; and hold Elswick's habeas petition in **ABEYANCE** pending exhaustion of his state court remedies. In light of the timeliness concerns reflected in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, the undersigned further **RECOMMENDS** that the District Judge condition the stay on Elswick pursuing his state court remedies within **thirty days** of the date that the order to stay is entered and require Elswick to return to federal court within **thirty days** after he has exhausted his state court remedies. Additionally, the undersigned **RECOMMENDS** that ground 13 of Elswick's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **STRICKEN**. Finally, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** and **DISMISS** Elswick's Motion for Default Judgment.

## I.    <u>Procedural History</u>

### A. Indictment, Trial, and Appeal

In September 2005, Elswick was indicted by a Roane County, West Virginia grand jury for one count of first-degree murder, one count of felony murder, one count of kidnapping, and three counts of conspiracy to commit a felony. (ECF No. 9-3 at 6; ECF No. 9-17 at 48). More specifically, Elswick and two co-defendants were accused of beating the victim at three separate locations, causing his death, after the victim was purportedly caught molesting the nine-year-old child of Elswick's co-defendants.[1] (ECF No. 9-13 at 5). On April 24, 2007, Elswick's first trial ended in a mistrial after the prosecutor "indirect[ly] and unintentional[ly]" commented on Elswick's failure to testify at trial. (ECF No. 9-13 at 6). In July 2008, at his second jury trial, Elswick was found guilty of voluntary manslaughter and one count of conspiracy. (ECF No. 9-8 at 4; ECF No. 9-13 at 6). In December 2008, at a recidivist trial, a jury found that Elswick had committed two prior felonies, and subsequent to the jury's determination, the trial court concluded that the two prior felonies were crimes of violence. (ECF No. 9-8 at 3-4). Consequently, in January 2009, the trial court sentenced Elswick to life in prison for the voluntary manslaughter conviction pursuant to W. Va. Code § 61-11-18.[2] (ECF No. 9-8 at 4).

---

[1] Elswick knew his co-defendants as a result of his performing home-repair work for them. (ECF No. 9-13 at 5).

[2] West Virginia Code § 61-11-18(c) provides:

> When it is determined, as provided in section nineteen of this article, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life.

Elswick appealed his convictions to the Supreme Court of Appeals of West Virginia ("WVSCA") on May 21, 2009. (ECF No. 9-9 at 2). In his appellate brief, Elswick, through counsel, raised eleven assignments of error:

> 1. The trial court erred on July 20, 2007, in denying Elswick's motion to dismiss based upon Double Jeopardy when the prosecuting attorney caused a mistrial by commenting on Elswick's failure to testify violating his constitutional privilege against self-incrimination;
>
> 2. The trial court erred on July 8, 2008, in denying Elswick's renewed motion to dismiss based upon Double Jeopardy for the same reason;
>
> 3. The trial court erred in denying Elswick's motion to dismiss based upon prosecutorial misconduct when the prosecutor did not disclose a plea agreement entered into by the State and John Richards to secure his testimony in violation of Rule 16 of the West Virginia Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963);[3]
>
> 4. The trial court erred on December 10, 2007, in denying Elswick's request for dismissal for discovery violations;
>
> 5. The trial court erred in denying Elswick's motion to dismiss for failure to provide a speedy trial in violation of the United States and West Virginia Constitutions and for violation of the statutory three-term rule contained in West Virginia Code § 62-3-21;
>
> 6. The trial court erred in denying Elswick's motion to dismiss for destruction of evidence where the State admittedly disposed of Rule 16 materials without disclosing such materials to the defense thereby violating Elswick's constitutional right to due process of law;
>
> 7. The trial court erred in refusing to give Elswick's theory of defense instruction as offered thereby violating his constitutional right to due process of law;
>
> 8. The trial court erred in refusing to give Elswick's jury instruction on battery as a lesser included offense thereby violating his constitutional right to due process of law;

---

[3] Mr. Richards shared a jail cell with one of Elswick's co-defendants. (ECF No. 9-13 at 6). Mr. Richards agreed to provide certain information against Elswick at trial as part of a plea bargain in an unrelated case. (*Id.*)

4

9. The trial court erred in granting the State's motion to continue on July 9, 2009, thereby violating Elswick's constitutional right to due process of law;

10. The trial court erred in refusing to employ the use of juror questionnaires as requested by Elswick thereby violating his constitutional right to due process of law;

11. The trial court erred in refusing to grant Elswick's motion to dismiss the recidivist information.

(*Id.* at 21-22). In an April 1, 2010, *per curiam* published decision, the WVSCA affirmed Elswick's convictions. (ECF No. 9-13 at 2, 4-5); *State v. Elswick*, 693 S.E.2d 38, 42 (W. Va. 2010). The WVSCA issued its mandate in the case on May 3, 2010. (ECF No. 9-14 at 2).

### B. State Habeas Proceedings

On February 18, 2011, Elswick filed a *pro se* petition for a writ of habeas corpus in Roane County Circuit Court. (ECF No. 9-17 at 6, 8, 10). The circuit court appointed Herbert Hively, II, to represent Elswick in the state habeas proceedings. (*Id.* at 8). In his state habeas petition, Elswick raised twelve claims for relief. (*Id.* at 40-41). Eleven of those claims were identical to those raised by Elswick on direct appeal to the WVSCA. (*Id.*) The only additional claim raised by Elswick was that his trial counsel was ineffective for the following reasons:

1. Counsel failed to properly advise Elswick of the possible results of going to trial;

2. Counsel "refused" to complete "certain aspects of defense";

3. Counsel failed to obtain "compulsory attendance of defense witnesses (Joe Hicks) and exculpatory evidence";

4. Counsel "failed to continue to represent the case to the fullest extent of the law as was understood";

> 5. Other reasons to be determined after Elswick reviewed the entire record.

(*Id.* at 40). After conducting an omnibus evidentiary hearing, on May 20, 2013, the circuit court issued a written order denying Elswick's petition for state habeas relief. (*Id.* at 46-47; ECF No. 9-21 at 4, 6; ECF No. 9-22 at 4, 6).

On October 28, 2013, Elswick appealed the circuit court's denial of habeas relief to the WVSCA. (ECF No. 9-15 at 2-3). In his petition for appeal, Elswick raised three assignments of error: (1) "ineffective counsels"; (2) "Double Jeopardy"; and (3) "non-waiver [of] rights [in his] *Losh* [check]list."[4] (*Id.* at 4). In his appellate brief, Elswick, through counsel, raised a single and very general, assignment of error: the circuit court erred in denying Elswick's petition for the reasons stated in his previously filed writ of habeas corpus. (ECF No. 9-16 at 5). On October 20, 2014, the WVSCA issued an unpublished memorandum decision affirming the circuit court's denial of habeas relief. (ECF No. 9-19 at 2); *Elswick v. Plumley*, No. 13-1110, 2014 WL 5328650, at *1 (W. Va. Oct. 20, 2014). The WVSCA issued its mandate affirming the circuit court's decision on November 19, 2014. (ECF No. 9-20 at 2).

### C. Federal Habeas Proceedings

On December 8, 2014, Elswick filed his § 2254 petition in this court. (ECF No. 4 at 1). In his petition, Elswick raises thirteen grounds for relief:

1. Double Jeopardy – the circuit court erred by denying Elswick's motion to dismiss on July 20, 2007, after the prosecutor caused a mistrial by commenting on Elswick's silence during trial. (*Id.* at 5).

---

[4] A *Losh* checklist is a list of all alleged trial errors that is filed by a petitioner in a state habeas proceeding. *See Losh v. McKenzie*, 277 S.E.2d 606 (W. Va. 1981).

2. Double Jeopardy – the circuit court erred by denying Elswick's renewed motion to dismiss on July 8, 2008. (*Id.* at 7).

3. Prosecutorial misconduct in relation to the disclosure of the plea agreement with Mr. Richards. (*Id.* at 8).

4. The trial court erred when it failed to dismiss the case for numerous discovery violations. (*Id.* at 10).

5. The trial court erred in denying Elswick's motion to dismiss for violation of his right to a speedy trial. (*Id.* at 12).

6. The trial court erred in failing to dismiss for destruction of evidence. (*Id.* at 15).

7. The trial court erred in refusing to provide the jury with a theory of defense instruction. (*Id.* at 17).

8. The trial court erred in granting the State's motion for a continuance over the objection of Elswick's counsel. (*Id.* at 19).

9. The trial court erred by refusing to allow defense counsel to use a jury questionnaire. (*Id.* at 21).

10. The trial court erred in failing to dismiss the recidivist information. (*Id.* at 23).

11. Trial counsel was ineffective during the recidivist trial when he failed to "bring forward numerous witnesses" and "denied knowledge" of certain evidence. (*Id.* at 25). Trial counsel was also ineffective when he submitted motions to the trial court that Elswick requested he not submit. (*Id.* at 26).

12. Habeas counsel was ineffective when he failed to submit to the WVSCA an amended *Losh* list, and counsel incorrectly waived Elswick's right to raise other claims

by doing so. (*Id.* at 28).

13. The circuit court in a 1993 case, No. 93-F-16, which produced one of the convictions supporting Elswick's recidivist sentence, failed to provide Elswick with transcripts of the trial. (*Id.* at 30).

In addition to his § 2254 petition, Elswick also filed a memorandum in support of his petition, (ECF No. 5). That memorandum is nearly identical to the brief filed by Elswick on direct appeal to the WVSCA, and it fails to discuss grounds 12 and 13 of his petition. (*Compare* ECF No. 5 *with* ECF No. 9-9).

On December 9, 2014, the undersigned issued an order directing Respondent to answer Elswick's petition within 75 days. (ECF No. 7 at 1). On February 20, 2015, Respondent filed an answer, (ECF No. 8), and a motion to dismiss the petition, (ECF No. 9). Respondent asserts in his motion to dismiss that some of the grounds for relief alleged in Elswick's § 2254 petition, specifically grounds 12 and 13, are unexhausted, creating a mixed petition that should be dismissed. (ECF No. 9 at 1). Additionally, Respondent contends that ground 13 of the petition is barred under the AEDPA's one-year statute of limitations. (*Id.*) On February 26, 2015, Elswick filed a motion for default judgment, wherein he argues that Respondent's answer was untimely. (ECF No. 12 at 1). Respondent responded to the motion for default judgment on March 12, 2015, (ECF No. 13), and less than one week later, Elswick filed a reply brief admitting that he had miscalculated the date that Respondent's answer was due, (ECF No. 14 at 1). In response to Respondent's motion to dismiss, on March 17, 2015, Elswick filed a motion to hold his § 2254 petition in abeyance, or in the alternative, to dismiss his petition without prejudice. (ECF No. 15). In his motion, Elswick acknowledges that he has not exhausted his state court remedies for grounds 12 and 13 of his petition. (ECF

No. 15 at 2). Respondent filed a responsive brief conceding that either form of relief would be proper, but maintaining that ground 13 should be dismissed with prejudice as untimely. (ECF No. 16 at 2). In reply, Elswick contends that it would be appropriate for him to return to West Virginia state court and request state habeas relief on the ground that his counsel at the recidivist trial was ineffective for failing to challenge the validity of his conviction in 1993.[5] (ECF No. 17 at 3). Therefore, according to Elswick, ground 13 would not be barred by the AEDPA's statute of limitations. (*Id.*) In the alternative, Elswick insists that he would be "satisfied" if the court held his petition in abeyance and struck ground 13, so that he would have the option to "refile" a similar ground when he returns to federal court after exhausting his state court remedies. (*Id.* at 3-4).

## II.    **Standard of Review**

Respondent filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), based on Elswick's failure to exhaust state remedies for some of his claims and Elswick's purported failure to timely raise ground 13 of his petition. (ECF No. 9; ECF No. 10 at 21). Because Respondent filed an answer concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Walker v. Kelly*, 589 F.3d at 139. However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on

---

[5] According to Elswick's current petition, he challenged his 1993 conviction by filing a petition for state habeas relief with the WVSCA and a petition for federal habeas relief in United States District Court. (ECF No. 4 at 31). A search of the Southern District of West Virginia's CM/ECF system produces two other § 2254 cases involving a "Raymond Elswick": *Elswick v. Roane Cnty. Court*, No. 2:94-cv-01049, filed on December 2, 1994, and dismissed for failure to exhaust state court remedies on December 27, 1994; and *Elswick v. Williamson*, No. 2:98-cv-01185, filed on December 14, 1998, and dismissed for failure to exhaust state court remedies on April 15, 1999.

the pleadings under Rule 12(c), and both motions may be filed in § 2254 actions. *Id.* at 138-39.

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nevertheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a § 2254 case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.*

## III.   Discussion

### A. Elswick's Motion for Default Judgment

As mentioned above, Elswick has filed a motion for default judgment based on Respondent's alleged failure to respond to his § 2254 petition. (ECF No. 12). However, Elswick's motion should be denied for two reasons: (1) Respondent's answer was timely filed, and (2) default judgments are disfavored in federal habeas cases. With regard to the former, the undersigned ordered Respondent to answer Elswick's § 2254 petition within 75 days of December 9, 2014. (ECF No. 7 at 1-2). Respondent filed his answer on February 20, 2015, 73 days after the undersigned's order was entered. (ECF

No. 8). Thus, Elswick's contention that Respondent's answer was untimely is meritless. Furthermore, the law is well-settled that resolving a habeas corpus petition on the ground of default is disfavored and generally inappropriate. *See, e.g.*, *Santillana v. Collins*, No. 5:14-cv-12474, 2015 WL 852328, at *3 (S.D.W.Va. Jan. 14, 2015) (collecting cases supporting proposition), proposed findings and recommendations adopted by 2015 WL 852335 (S.D.W.Va. Feb. 26, 2015). For these two reasons, the undersigned **RECOMMENDS** that Elswick's motion for default judgment be **DENIED**.

### B. Respondent's Motion to Dismiss; Elswick's Motion for Stay and Abeyance, or in the Alternative, to Dismiss without  Prejudice

As discussed above, Respondent asserts that Elswick's petition should be dismissed because it contains both exhausted and unexhausted claims. (ECF No. 9 at 1; ECF No. 10 at 23). Specifically, Respondent argues that Elswick has failed to exhaust his state court remedies for grounds 12 and 13 of the petition. (ECF No. 9 at 1; ECF No. 10 at 23-24). In his motion for stay and abeyance, or dismissal without prejudice, Elswick concedes that he has not exhausted his state court remedies for grounds 12 and 13. (ECF No. 15 at 2). Respondent has asserted that either form of relief requested by Elswick (stay and abeyance or dismissal without prejudice) would be proper with respect to ground 12; however, Respondent insists that ground 13 should be dismissed with prejudice as it is untimely. (ECF No. 16 at 1-2). In response, Elswick asserts that it would permissible for him to raise ground 13 in West Virginia state court, and thus, he could assert a timely claim with regard to the substance of ground 13 in federal court after the state court decides the claim. (ECF No. 17 at 3). However, Elswick assures the court that he would be satisfied if the court struck ground 13 and held the petition in

abeyance, so that Elswick would have the option to later add a claim similar to ground 13 when he returns to federal court. (*Id.*)

As a prerequisite to filing a § 2254 proceeding, a habeas petitioner must exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A). Exhaustion of state remedies requires the petitioner to fairly present the federal constitutional issues to the state courts and allow them "one full opportunity" to resolve the issues. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Given that the purpose of exhaustion is to ensure that the state has "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights," *Picard*, 404 U.S. at 275 (internal quotations omitted), fair presentation demands that the state courts be fully informed of "'both the operative facts and the controlling legal principles.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (quoting *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997)). While it is unnecessary to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (internal citations omitted). Instead, the petitioner must present the "substance of a federal habeas corpus claim" to the state courts. *Picard*, 404 U.S. at 278.

In West Virginia, exhaustion is accomplished in one of three ways: by (1) presenting the federal constitutional issues directly to the WVSCA through an appeal of the conviction or sentence; (2) filing a petition for a writ of habeas corpus in the appropriate circuit court followed by an appeal of the judgment to the WVSCA, if the result is adverse; or (3) filing a petition for a writ of habeas corpus under the WVSCA's

original jurisdiction and receiving a dismissal with prejudice.[6] *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W.Va. 1995); *Bayerle v. Godwin*, 825 F. Supp. 113, 114-15 (N.D.W.Va. 1993); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545-46 (S.D.W.Va. 1986); *see also Gardner v. Plumley*, No. 2:12-cv-03386, 2013 WL 5999041, at *5 (S.D.W.Va. Nov. 12, 2013). In general, the district court may not review a federal habeas petition unless there has been "total exhaustion" of the presented issues. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Thus, when a petitioner has failed to exhaust his state court remedies, a federal habeas petition should be dismissed. *See Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In the event that a federal habeas petitioner presents a "mixed petition" consisting of both exhausted and unexhausted claims, the district court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in state court;[7] or (3) allow the petitioner to remove the unexhausted claims and proceed with the exhausted claims.[8] *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). The court may also deny the unexhausted claims on the merits

---

[6] However, an original jurisdiction petition that is denied without any indication that the denial was with prejudice, following a determination on the merits, does not exhaust the prisoner's state court remedies. *See Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990), *abrogated on other grounds by Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997).

[7] Stay and abeyance is only appropriate in limited circumstances in which the district court determines that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005); *Wright v. Keller*, No. 3:11-cv-341-RJC, 2011 WL 5827236, at *2 (W.D.N.C. Nov. 18, 2011) (declining to order stay and abeyance); *Abido v. Ballard*, No. 2:08-cv-00341, 2009 WL 772918, at *2 n.2 (S.D.W.Va. Mar. 18, 2009) (same); *Wilson v. Humphey*, No. 5:05-cv-00795, 2006 WL 643154, at *3 (S.D.W.Va. Mar. 10, 2006) (same).

[8] A petition is a "mixed petition" even if it contains only a single unexhausted claim. *See, e.g., Jernigan v. Jaramillo*, 436 F. App'x 852, 856 (10th Cir. 2011); *Thigpen v. Brown*, No. 06 CV 3110, 2008 WL 5110890, at *5 (E.D.N.Y. Dec. 2, 2008).

"notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(2); *see also White v. Keller*, No. 1:10-CV-841, 2013 WL 791008, at *5 (M.D.N.C. Mar. 4, 2013).

Elswick has not exhausted his state court remedies for grounds 12 and 13 contained in his § 2254 petition because these claims were not presented to the WVSCA in one of the three ways described above.[9] The exhaustion barrier may only be removed when "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). These statutory exceptions apply "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981).

Where a state court would refuse to hear a claim as a result of a petitioner's failure to observe a state procedural rule, the claim is considered to be exhausted because there is "an absence of available State corrective process." *See, e.g.*, *Rose v. Lee*, No. 7:07-cv-00003, 2007 WL 2050823, at *3 (W.D.Va. July 12, 2007) (citing *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)); *see also Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."); *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) ("State remedies are exhausted when the petitioner does not have the 'right under the law of

---

[9] While Elswick did challenge the timeliness of the recidivist information on direct appeal to the WVSCA and during state habeas proceedings, he did not challenge the validity of the convictions used to support his recidivist sentence. (ECF No. 9-13 at 16-17; ECF No. 9-17 at 41).

the State to raise, by any available procedure, the question presented.'") (quoting 28 U.S.C. § 2254(c)); *Villot v. Varner*, 373 F.3d 327, 337 (3d Cir. 2004) ("[W]hen the state refuses to consider the merits of the prisoner's claims because the petitioner has failed to comply with the state's procedural requirements, his claim is nonetheless technically exhausted because 'there is an absence of available State corrective process'") (quoting 28 U.S.C. § 2254(b)(1)(B)(i)). However, even though such claims are technically exhausted, the procedural default doctrine applies to those claims in any subsequent federal habeas proceeding. *See Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000) ("If claims were not exhausted in state court but would now be procedurally barred if brought in state court, then federal courts can treat the claims as if they were procedurally defaulted in the state courts."). The procedural default doctrine prevents a court from hearing a claim that has been, or would be, disposed of on "adequate and independent state-law grounds, unless the petitioner can show cause and prejudice for, or a fundamental miscarriage of justice resulting from, failure to comply with the applicable rule." *See Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009). The Fourth Circuit has decided that "[i]f any reasonable possibility exists that the state court may apply an exception to its procedural default rule, the federal court should not apply a state procedural bar to find that exhaustion is futile." *Meadows v. Legursky*, 904 F.2d 903, 909 (4th Cir. 1990), *abrogated on other grounds by Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997); *see also Green v. McBride*, No. 3:02-cv-01348, slip op. at 8 (S.D.W.Va. Feb. 22, 2006) (Docket No. 42).

West Virginia Code § 53-4A-1(c) creates a rebuttable presumption that a state habeas petitioner knowingly and intelligently waives any claim that could have been

presented during a state habeas proceeding but that was not presented at that time.[10] Notwithstanding, in *Losh v. McKenzie*, 277 S.E.2d 606, 611 (W. Va. 1981), the WVSCA held that ineffectiveness of state habeas counsel allows a West Virginia state court to reach the merits of a claim contained in a second state habeas petition that could have been, but was not, raised in a first state habeas petition. Grounds 12 and 13 of Elswick's § 2254 petition both involve the alleged ineffectiveness of state habeas counsel.[11] (ECF No. 4 at 28, 30; ECF No. 17 at 3). While ground 12 does not specify the state habeas grounds that Elswick's state habeas counsel "wrongly" waived, he does assert that he desired to file an amended *Losh* list with additional grounds for relief. (ECF No. 4 at 28). Elswick could certainly clarify the grounds for relief that were "wrongly" waived when he returns to state court and files a second state habeas petition. Moreover, ground 13, as clarified in Elswick's reply brief, clearly alleges an ineffective assistance of trial counsel claim that Elswick believes his state habeas counsel unreasonably neglected to raise in state habeas proceedings. (ECF No. 17 at 3). Given that Elswick's unexhausted claims relate to the ineffective assistance of state habeas counsel, the undersigned finds that a reasonable possibility exists that the state court may address grounds 12 and 13 on the merits. Accordingly, exhaustion need not be excused under § 2254(b)(1)(B), and the procedural default doctrine need not be applied to Elswick's claims at this point in the proceedings. Indeed, Elswick does not argue the either

---

[10] Chief Judge Chambers recently recognized that West Virginia Code § 53-4A-1(c) is "an adequate and independent state ground," for procedural default purposes. *Green v. Ballard*, No. 3:02-1348, 2015 WL 1612198, at *5 (S.D.W.Va. Apr. 10, 2015).

[11] It is not clear from Elswick's petition that ground 13 concerns ineffective assistance of state habeas counsel; however, in his reply brief with regard to the motion to stay, Elswick more clearly explicates his claim and insists that state habeas counsel was ineffective when he failed to raise an ineffective assistance of trial counsel claim in relation to the recidivist trial and his 1993 conviction. (ECF No. 17 at 3).

exception under § 2254(b)(1)(B) applies to his unexhausted claims. On the contrary, Elswick wishes to return to state court to exhaust his remedies there.[12]

Having concluded that Elswick has presented both exhausted and unexhausted claims in his petition, without establishing any applicable exception to the AEDPA's exhaustion requirement, the undersigned must consider whether stay and abeyance is appropriate in this case. As stated above, stay and abeyance is only appropriate in limited circumstances in which the district court determines that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). "[T]he practice of staying a federal habeas case while a petitioner returns to state court to exhaust his claims should be used sparingly." *Kanode v. Waid*, No. 1:08-1113, 2011 WL 2633645 (S.D.W.Va. July 5, 2011).

In *Rhines*, the Supreme Court provided little guidance as to what constitutes good cause in the context of stay and abeyance. *See Rhines*, 544 U.S. at 279 (Stevens, J., concurring) ("[G]ood cause for failing to exhaust state remedies more promptly ... is not intended to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner.") (internal markings and citation omitted). Since its decision in *Rhines*, the Supreme Court has offered one example of good cause, albeit in *dicta*. In *Pace v. DiGuglielmo*, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005), the

---

[12] While § 2254(i) prohibits granting federal habeas relief based on the ineffectiveness of state habeas counsel, the performance of state habeas counsel still plays a role in federal habeas proceedings under *Martinez v. Ryan*, ____ U.S. ____, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). In certain limited situations, state habeas counsel's ineffectiveness may excuse a procedural default and permit a court to reach the merits of an ineffective assistance of trial counsel claim. *Trevino v. Thaler*, ____ U.S. ____, 133 S.Ct. 1911, 1918, 185 L.Ed.2d 1044 (2013) (citing *Martinez v. Ryan*, 132 S.Ct. at 1318-19, 1320-21). Because a reasonable possibility exists that the state court will address Elswick's unexhausted claims on the merits, the court need not, at this juncture, perform any analysis under *Martinez*.

Court stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" before exhausting his state court remedies. Some courts have interpreted *Pace* to require a broad interpretation of the good cause requirement set forth in *Rhines*. *See, e.g.*, *McCrae v. Artus*, No. 10-CV-2988, 2012 WL 3800840, at *8 (E.D.N.Y. Sept. 2, 2012).

The Fourth Circuit and courts in this district have yet to precisely define what constitutes good cause under *Rhines*. This court recently found that good cause existed to issue a stay where a petitioner had only thirty-nine days from the date of the Proposed Findings & Recommendations ("PF & R") to file a state habeas petition, which would toll the AEDPA's statute of limitations, and then return to federal court under the AEDPA's one-year statute of limitations. *Carter v. Ballard*, No. 2:14-cv-11952, 2015 WL 966127, at *12 (S.D.W.Va. Mar. 4, 2015). This time constraint, in conjunction with the petitioner's "confusion regarding the availability of relief in state habeas proceedings, [and] his claims of ineffective assistance of [state appellate] counsel," amounted to good cause in the stay analysis. *Id.*

Other federal courts differ on how stringently to define good cause in the context of stay and abeyance. *See Provencio v. Chrones*, No. 06-1760, 2007 WL 1299967, at *2-*6 (S.D.Cal. Apr. 30, 2007) (collecting cases containing various definitions for good cause standard); *Williams v. Hurley*, No. 2:05-cv-985, 2006 WL 1650771, at *10 (S.D.Ohio June 6, 2006) (report and recommendation discussing various definitions applied and noting that some courts have adopted standard for cause applicable to procedural default while other courts have declined to do so); *compare Landeck v. Allen*, No. 3:14-CV-88, 2014 WL 5410630, at *4 (E.D.Va. Oct. 22,

18

2014) (recognizing that standard should not be "inordinately demanding") *with Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (declining to adopt "broad interpretation" of good cause because such interpretation would undermine goals of AEDPA). Consequently, federal courts have also disagreed as to what constitutes good cause in the stay analysis. *Compare Long v. Ballard*, No. 2:13-cv-26, 2013 WL 6858415, at *6 (N.D.W.Va. Dec. 30, 2013) (finding that good cause did not exist to grant stay where petitioner argued that any subsequent federal habeas petition would be time barred), *with Smith v. Wolfe*, No. PJM-10-2007, 2011 WL 4548315, at *6 (D.Md. Sept. 27, 2011) (granting stay rather than dismissing without prejudice where any subsequent federal habeas petition would be time barred), *and Murray v. Perry*, No. 3:06-CV-51, 2007 WL 601494, at *5 (N.D.W.Va. Feb. 22, 2007) (magistrate judge recommending stay where any subsequent federal habeas petition would be time barred), *and Clement v. Blair*, No. 06-00351, 2007 WL 57782, at *3 (D.Haw. Jan. 5, 2007) (recognizing that "impending expiration of [AEDPA's] statute of limitations does constitute good cause."); *compare Newman v. Lempke*, No. 13-cv-531, 2014 WL 4923584, at *3 (W.D.N.Y. Sept. 30, 2014) (recognizing ignorance or confusion about law may constitute good cause), *and Provencio*, 2007 WL 1299967, at *5 (report and recommendation finding that ignorance of law and reasonable confusion as to whether state court habeas petition would be timely satisfied good cause standard), *and Riner v. Crawford*, 415 F.Supp.2d 1207, 1211 (D.Nev. 2006) (holding that good cause exists where petitioner can "show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control"), *with Jackson v. Baenen*, No. 12-cv-00554, 2012 WL 5988414, at *2 (E.D.Wis. Nov. 29, 2012) (holding ignorance of law does not

19

constitute good cause), *and McIntyre v. Quarterman*, No. 3-09-cv-0574, 2009 WL 1563516, at *3 (N.D.Tex. June 2, 2009) (same).

Turning to the relevant facts in the good cause analysis here, the undersigned estimates that the AEDPA's one-year statute of limitations will expire in this case on May 2, 2015. 28 U.S.C. § 2244(d)(1)(A).[13] Elswick's direct appeal was decided by the WVSCA on May 3, 2010, when the WVSCA issued its mandate denying relief. He then had ninety days to seek a writ of certiorari from the United States Supreme Court. Sup. Ct. R. 13(1). One day after that ninety days had passed,[14] on August 2, 2010, the AEDPA's one-year statute began to run unless state habeas relief was sought, which would toll the limitations period. 28 U.S.C. § 2244(d)(2). On February 18, 2011, Elswick filed his state habeas petition, thereby tolling the limitations period after the passage of **200 days**. The petition was denied by the state circuit court on May 20, 2013, and Elswick appealed that decision on October 28, 2013. The WVSCA issued its mandate affirming the circuit court's habeas decision on November 19, 2014. Elswick then filed his § 2254 petition in this court on December 8, 2014; however, Elswick's filing of his federal habeas petition did not toll the AEDPA's statute of limitations. *Carter*, 2015 WL 966127, at *12; *Holmes v. Ballard*, No. 3:13-cv-97, 2014 WL 1516305, at *14 (N.D.W.Va. Apr. 17, 2014) (citing *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)). Between the WVSCA's decision affirming the denial of state habeas relief and the date of this PF & R, **163 days** have passed. Thus, if Elswick's federal habeas petition is dismissed without prejudice, Elswick would have

---

[13] The undersigned presumes that the factual predicates for Elswick's ineffective assistance of trial counsel claims were discoverable through the exercise of due diligence before Elswick's judgment became final by the conclusion of direct review.

[14] Under Federal Rule of Civil Procedure 6(a), the one-year limitation period commences the day after the event triggering the period. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

two days from the date of this PF&R to file a second state habeas petition, which will toll the one-year statute of limitations until the conclusion of state habeas proceedings.[15] At the conclusion of state habeas proceedings, Elswick would then have whatever amount of time is left in his two-day balance (by that time, almost certainly no amount of time will be remaining) to return to federal court by filing another federal habeas petition. Taking into account the time allowed for the filing of objections to this PF&R, combined with the time that may pass before the presiding District Judge is able to review the matter given his extremely demanding docket, Elswick will have no future opportunity to return to federal court. As noted above, some courts consider the existence of such time constraints and the possible bar of future federal court review to be a prerequisite to the application of the *Rhines* test. *See, e.g.*, *Long*, 2013 WL 6858415, at *6. While those courts require good cause apart from any time-bar consequence, other courts find the potential hardship facing Elswick to be sufficient cause, by itself, for granting a stay. *See, e.g.*, *Smith*, 2011 WL 4548315, at *6.

Assuming that the time constraints in this case *alone* are insufficient to meet the good cause standard, good cause still exists to stay Elswick's habeas petition. In his petition, Elswick has alleged that his state *habeas* counsel was ineffective in failing to raise certain claims and "wrongly" waiving certain claims during state habeas proceedings, including claims of ineffective assistance of *trial* counsel. Ineffective assistance of counsel during state habeas proceedings may in some cases constitute good cause for a stay. *See Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014); *Rhines v.*

---

[15] While Elswick did seek a writ of certiorari from the United States Supreme Court after the WVSCA denied him habeas relief, which the Court denied, *Elswick v. Plumley*, ____ S.Ct. ____, 2015 WL 1510907, at *1 (Apr. 6, 2015), that action did not toll the AEDPA's statute of limitations. *Lawrence v. Florida*, 549 U.S. 327, 329, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007).

*Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005). *But see Edwards v. Thaler*, No. 3:10-CV-0006-M, 2011 WL 4056299, at *2 (N.D. Tex. Aug. 15, 2011) (finding that ineffective assistance of state habeas counsel did not support finding of good cause for stay), report and recommendation adopted by 2011 WL 4074330 (N.D. Tex. Sept. 12, 2011). Given Elswick's allegations of ineffective assistance of state habeas counsel, his apparent dearth of legal knowledge, and the certainty that his ability to obtain federal habeas relief will be jeopardized if his petition is dismissed, the undersigned finds that good cause for a stay exists in this case. *Cf. Green*, No. 3:02-cv-01348, slip op. at 10 (S.D.W.Va. Feb. 22, 2006) (Docket No. 42) (finding good cause for stay based on petitioner's "lack of knowledge" and claim of ineffective assistance of counsel).

As for the second consideration in assessing the propriety of a stay, the undersigned cannot conclude that Elswick's claims are plainly meritless. Elswick's unexhausted claims relate to ineffective assistance of state habeas counsel, and the record for these claims has yet to be developed in state habeas proceedings. While these claims cannot support relief in the federal habeas context, the claims, if supported by the record created in state habeas proceedings, may entitle Elswick to further consideration of his other claims by the state court on the merits. Admittedly, ground 12 of Elswick's § 2254 petition is not clear as to what claims his state habeas counsel waived that he desired to raise; however, Elswick provides an example in the ineffective assistance of trial counsel claim that may be gleaned from ground 13 of his petition. Because the record has yet to be developed on this ineffective assistance of trial counsel claim, and other potential claims that were purportedly "wrongly" waived by state habeas counsel, at this stage, the undersigned is not in a position to definitively determine that Elswick's unexhausted claims lack merit. The state court

22

should be permitted to develop the necessary record for these claims, including whether the claims should be barred from consideration on the merits by a state procedural rule, and rule on those claims in the first instance.

With regard to the third element set forth in *Rhines*, there is no reason to believe that Elswick has engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. To the contrary, Elswick has been diligent in seeking relief from his convictions, first on direct appeal, and subsequently in state habeas proceedings. Less than one month after being denied state habeas relief by the WVSCA, Elswick sought federal habeas relief in this court. Moreover, since filing in this court, Elswick has been actively engaged in the process. There appears to be no incentive for Elswick to participate in dilatory tactics—he clearly wants relief from his conviction and sentence as quickly as possible, and whether that relief is acquired from a state court or federal court likely makes no difference to him. *Cf. Rhines*, 544 U.S. at 277-78 (recognizing that "capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death."). For the aforementioned reasons, and in light of the fact that Respondent does not object to this court staying proceedings and holding Elswick's petition in abeyance, (ECF No. 16 at 1), the undersigned **FINDS** that Elswick has satisfied the three requirements for the issuance of a stay under *Rhines*.

Finally, with regard to Respondent's assertion that ground 13 of Elswick's § 2254 petition should be dismissed with prejudice, the undersigned finds that the better course of action is to **strike** the ground from the petition, and provide Elswick with the option to later amend his petition and refile ground 13 as it is set forth in Elswick's reply brief, (ECF No. 17 at 3), when he returns to this court ***after*** exhausting any state

court remedies for the claim. While ground 13 relates to Elswick's 1993 conviction used to enhance his sentence under the recidivist statute, according to Elswick, the WVSCA may permit him to argue that his trial counsel was ineffective at the recidivist trial *in this case* when trial counsel neglected to challenge the validity of the 1993 conviction. (ECF No. 17 at 3) (quoting *State v. Cain*, 359 S.E.2d 581, 583 n.4 (W.Va. 1987) ("Although by far the most common procedure by which to challenge an underlying conviction used for recidivist purposes is a petition for habeas corpus, a defendant is not precluded from challenging the validity of his prior conviction or convictions during his recidivist trial and on subsequent appeal to this Court.")).

Furthermore, although Respondent argues that Elswick no longer satisfies the "in custody" requirement contained in § 2254(a) for his 1993 conviction, (ECF No. 16 at 2), the Supreme Court has recognized that a federal habeas petitioner can be considered "in custody" for AEDPA purposes where the petition may be read to raise a challenge to a sentence currently being served by the petitioner that was enhanced by a purportedly invalid prior conviction for which a sentence has been completed. *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401-02, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). In *Coss*, the Court went on to hold that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403-04 (citation omitted). The majority agreed that an exception to this rule exists where the prior

conviction used to enhance the petitioner's sentence was obtained without counsel in violation of the Sixth Amendment, *id.* at 404, and three of the justices in the majority recognized that an exception to this rule may exist where a state court, "without justification, refuse[s] to rule on a constitutional claim that has been properly presented to it." *Id.* at 405; *see also Wilson v. Flaherty*, 689 F.3d 332, 343 (4th Cir. 2012) (Wynn, J., dissenting) (stating that Supreme Court's opinions "strongly suggest that there are instances in which a fully served sentence may be collaterally challenged through a writ of habeas corpus."). Despite the fact that the exceptions to the general rule announced by the Supreme Court in *Coss* may be incredibly narrow, given the lack of information concerning the 1993 conviction in the record before the court, the undersigned concludes that dismissing the claim, or any related claim, with prejudice, would be premature at this time.

Having thoroughly considered the matter, the undersigned **PROPOSES** that the District Judge **FIND** that Elswick's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is a mixed petition containing both exhausted and unexhausted claims. Nevertheless, the undersigned **PROPOSES** that the District Judge **FIND** that Elswick is entitled to a stay while he exhausts his state court remedies and that Elswick's petition should be held in abeyance until that time. Accordingly, the undersigned **RECOMMENDS** that the District Judge **GRANT** Elswick's motion to hold his petition in abeyance or to dismiss without prejudice, to the extent that he requests a stay and abeyance. In light of the timeliness concerns reflected in the AEDPA, the undersigned further **PROPOSES** that the District Judge condition the stay on Elswick pursuing his state court remedies within thirty days of the date that the order to stay is entered and require Elswick to return to federal court thirty days after

he has exhausted his state court remedies. *See Rhines*, 544 U.S. at 278. The undersigned further **RECOMMENDS** that the District Judge **DENY** Elswick's request for habeas relief, **without prejudice**, and **DENY** Respondent's motion to dismiss, **without prejudice**. Finally, the undersigned **RECOMMENDS** that ground 13 be **STRICKEN** from Elswick's § 2254 petition.

## IV.    Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows**:**

1.    The relief sought in Elswick's Petition for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 4), be **DENIED, without prejudice**;

2.    Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus for Failure to Exhaust and Timeliness, (ECF No. 9), be **DENIED, without prejudice**;

3.    Elswick's Motion to Hold 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus in Abeyance; or in the alternative, to Dismiss Without Prejudice, (ECF No. 15), be **GRANTED**, to the extent that it seeks a stay of proceedings;

4.    Elswick be **GRANTED** a **STAY** so that he may pursue his state court remedies for his unexhausted claims and that the stay be conditioned on Elswick pursuing his state court remedies within **thirty days** of the date that the order to stay is entered;

5.    Elswick's habeas petition be held in **ABEYANCE** pending exhaustion of state court remedies, and Elswick be required to return to federal court within **thirty days** after he has exhausted his state court remedies and seek to lift the stay;

6.    Ground 13 of Elswick's Petition for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 4), be **STRICKEN**; and

7.    Elswick's Motion for Entry of Default Judgment, (ECF No. 12), be **DENIED** and **DISMISSED**, **with prejudice**.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Goodwin, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Elswick, Respondent, and counsel of record.

**FILED:** May 1, 2015

Cheryl A. Eifert
United States Magistrate Judge

27